UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE TEXAS DEPARTMENT OF TRANSPORTATION, | § § § | |
| Plaintiff. | § § | |
| VS. | § | CIVIL ACTION NO. 4:20–CV–00868 |
| CANAL BARGE CO., INC., ET AL., | § § § | |
| Defendants. | § § | |

## ORDER

Pending before me is a Motion to Consolidate in which the Texas Department of Transportation ("TXDOT") seeks to consolidate three subsequently-filed actions into this case. *See* Dkt. 12. The Motion to Consolidate has been referred to me by United States District Judge George C. Hanks, Jr.[1] After carefully reviewing the Motion to Consolidate, the response, the court's file, and the applicable law, I conclude that consolidation is appropriate.

## BACKGROUND

This lawsuit alleges that nine barges broke away from their moorings at the San Jacinto River Fleet on September 20, 2019, and floated down the river. According to the Complaint, some or all of the barges crashed into the Interstate 10 bridge that crosses the

---

[1] Motions to consolidate under Federal Rule of Civil Procedure 42 are considered nondispositive and are, therefore, within my pretrial authority as a magistrate judge. *See Buckenberger v. Reed*, No. CIV.A. 06-7393, 2007 WL 1139619, at *3 n.13 (E.D. La. Apr. 17, 2007); *Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 n.1 (W.D. Pa. 2002); *Trafalgar Power, Inc. v. Aetna Life Ins. Co.*, 131 F. Supp. 2d 341, 343 (N.D.N.Y. 2001).

San Jacinto River east of Houston. The collision allegedly resulted in significant damage to the bridge, with repairs estimated to cost between $5 million to $6 million. Seeking to recover the repair costs in this lawsuit, TXDOT has sued Canal Barge Company, Inc. and Ingram Barge Company—the two companies that owned the barges—for negligence and the unseaworthiness of their respective vessels. The live pleading also asserts negligence claims against Cheryl K, LLC and San Jacinto River Fleet, LLC, the owners of fleeting facilities near the crash site.

Shortly after TXDOT filed this lawsuit on March 10, 2020, three related limitation of liability actions were brought in the Southern District of Texas, Houston Division. Those cases are as follows:

- No. 4:20-cv-964; *In the Matter of Canal Barge Company, Inc. in a Cause of Exoneration from or Limitation of Liability*; (S.D. Tex. March 16, 2020) (pending before the Hon. Sim Lake);

- No. 4:20-cv-965; *In the Matter of the Complaint of the Tug JB Bloomer, LLC, San Jacinto River Fleet, LLC and Cheryl K, LLC as Owner and Owners Pro Hac Vice of the Tug JB Bloomer and the Tug Cheryl K, LLC, San Jacinto River Fleet, LLC and Cheryl K, LLC as Owner and Owners Pro Hac Vice of the Tug Cheryl K for Exoneration from or Limitation of Liability*; (S.D. Tex. March 16, 2020) (pending before the Hon. George C. Hanks, Jr.); and

- No. 4:20-cv-983; *In the Matter of Ingram Barge Company, as Owner and Operator of the Barges IB1021, IB921, IB1927, IB1985, IB9123, IB1954, IB1960, Petitioning for Exoneration from and/or Limitation of Liability*; (S.D. Tex. March 17, 2020) (pending before the Hon. George C. Hanks, Jr.).

In each of these cases, the petitioners brought an action under the Limitation of Shipowners' Liability Act for exoneration or limitation of liability to the value of their vessels and pending freight at the time of the accident. *See* 46 U.S.C. § 30505(a).

In the name of judicial economy, TXDOT seeks to consolidate the three limitation actions into this case. This request is properly before me because the Local Rule governing consolidation requires that a motion to consolidate be heard by the judge handling the oldest case. *See* S.D. TEX. L.R. 7.6. The Defendants do not oppose consolidation of the three limitation actions into the oldest-filed limitation action (the case pending before Judge Lake). They do, however, object to consolidation of the three limitation actions into this case.

## DISCUSSION

Rule 42(a) provides that where two or more lawsuits raise "a common question of law or fact," a district court may "consolidate the actions." FED. R. CIV. P. 42(a). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quotation marks and citation omitted). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). *See also Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). "Consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen.*

*Hosp.*, 712 F.2d at 989. "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *Id.*

TXDOT argues that consolidation is appropriate for the convenience of the parties and courts involved, and to further judicial economy. I wholeheartedly agree. All four cases are substantially related. They all involve the same nucleus of operative facts, and present common issues of law and fact arising from the September 20, 2019 barge collision. Consolidating the four actions will unquestionably conserve judicial resources, eliminate duplicative discovery efforts, and avoid unnecessary costs and delays. It also makes sense to have one judge handle all four cases to ensure consistent findings and rulings.

It is certainly true that the three limitation actions are not identical in all respects to the damage claims brought by TXDOT in this case. But that is of no moment. A number of courts have consolidated limitation actions with related cases in an effort to streamline proceedings and avoid piecemeal litigation. *See In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 271 (5th Cir. 1974) (affirming district court's consolidation of wrongful death lawsuit and limitation action where cases arose from the same barge explosion); *Cruz-Aponte v. Caribbean Petroleum Corp.*, 486 B.R. 234, 240 (D.P.R. 2013) (confirming the appropriateness of consolidating personal injury actions with a limitation of liability action); *Canal Barge Co., Inc. v. Tubal-Cain Marine Servs., Inc.*, No. 1:09-CV-533, 2009 WL 4723368, at *1 (E.D. Tex. Dec. 7, 2009) (consolidating personal injury and property damage lawsuits with a limitation action because the actions involved "common parties, the same subject matter and many common issues"). The Fifth Circuit's logic in *In re Dearborn Marine* is equally applicable to the present case: "Since the actions present[]

common issues of law and fact, consolidation save[s] the parties from wasteful relitigation in disparate forums, avoid[s] duplication of judicial effort, and [does] not prejudice [Petitioners'] right to prove entitlement to limitation." *In re Dearborn Marine Serv., Inc.*, 499 F.2d at 271. In short, there is no good reason why I should refrain from ordering the consolidation of all four related lawsuits.

## CONCLUSION

Accordingly, the Motion to Consolidate is **GRANTED**. The three below-styled cases are to be **CONSOLIDATED** into the above-captioned case:

- No. 4:20-cv-964; *In the Matter of Canal Barge Company, Inc. in a Cause of Exoneration from or Limitation of Liability*; (S.D. Tex. March 16, 2020) (pending before the Hon. Sim Lake);

- No. 4:20-cv-965; *In the Matter of the Complaint of the Tug JB Bloomer, LLC, San Jacinto River Fleet, LLC and Cheryl K, LLC as Owner and Owners Pro Hac Vice of the Tug JB Bloomer and the Tug Cheryl K, LLC, San Jacinto River Fleet, LLC and Cheryl K, LLC as Owner and Owners Pro Hac Vice of the Tug Cheryl K for Exoneration from or Limitation of Liability*; (S.D. Tex. March 16, 2020) (pending before the Hon. George C. Hanks, Jr.); and

- No. 4:20-cv-983; *In the Matter of Ingram Barge Company, as Owner and Operator of the Barges IB1021, IB921, IB1927, IB1985, IB9123, IB1954, IB1960, Petitioning for Exoneration from and/or Limitation of Liability*; (S.D. Tex. March 17, 2020) (pending before the Hon. George C. Hanks, Jr.).

SIGNED in Houston, Texas, this 28th day of July, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE